UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG GORDON, | ) | CASE NO. 5: 06 CV 1348 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STUART HUDSON, Warden, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert.  The Report and Recommendation (ECF # 10), filed on March 9, 2007, is ADOPTED by this Court, and Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, on June 1, 2006 (ECF # 1), is denied.

In his Petition, Petitioner raises the following grounds for relief:

**Ground One**: THE JURY VERDICT FINDING THE PETITIONER GUILTY WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE PRESENTED AT TRIAL

**Ground Two**: THE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON DIRECT APPEAL WHEN, A). TRIAL COUNSEL WAS ASSIGNED AS DIRECT APPEAL COUNSEL, B). TRIAL COUNSEL NEGLECTED TO PROPERLY OBJECT TO THE STATES[sic] USE OF HEARSAY TESTIMONY WHICH MAY ALSO INCLUDE A CONFRONTATIONAL VIOLATION, C). FAILED TO RAISE AN OBJECTION TO HIGHLY IMPROPER JURY INSTRUCTIONS, AND D). IMPROPERLY RAISED TWO ASSIGNMENTS OF ERROR RELATED TO THE PETITIONERS[sic] SENTENCE'S[sic]

**Ground Three**: THE TRIAL COURT ERRED WHEN IT SENTENCED THE PETITIONER CRAIG GORDON TO A HARSHER SENTENCE FOR GOING TO

> TRIAL
>
> **Ground Four**: THE PETITIONERS[sic] SENTENCE IS UNCONSTITUTIONAL AS IT IS BASED UPON FACTS NEVER ADMITTED TO BY THE PETITIONER, NOR PROVEN BEYOND A REASONABLE DOUBT AT TRIAL

*Id*.

Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Limbert for the preparation of a report and recommendation.  On March 9, 2007, Magistrate Judge Limbert recommended that this Court dismiss Petitioner's Petition with prejudice.

At the outset of the analysis, the Magistrate Judge addressed Petitioner's assertion that the Court should sanction Respondent for an untimely filed answer/return of writ.  The Magistrate Judge found that, because Respondent filed his answer/return of writ within the filing deadlines established in his Order, sanctions are inappropriate.  The Magistrate Judge then addressed Petitioner's request that this Court order Respondent to repay all monies taken from him for filing due to alleged misconduct.  The Magistrate Judge again recommended that the Court deny Petitioner's request, finding that Petitioner had failed to establish sufficient proof of Respondent's alleged misconduct, and because Petitioner's right to pursue a remedy had not been impacted.

The Magistrate Judge next turned to the four grounds for relief raised in the Petition.  As to the first ground for relief, the Magistrate Judge noted that it is unclear whether Petitioner presents a sufficiency of the evidence assertion, or one based upon the manifest weight of the evidence.  To the extent that Petitioner attempts to set forth a manifest weight of the evidence assertion, the Magistrate Judge pointed out that such a claim is not cognizable in federal habeas corpus review.  If Petitioner attempts to make a sufficiency of the evidence claim, however, the Magistrate Judge recommended that

2

the Court find this assertion to be without merit.  That is, after viewing the evidence in a light most favorable to the prosecution, the Magistrate Judge found that any rational trier of fact could have found the essential elements of complicity to commit aggravated robbery and the firearm specification beyond a reasonable doubt.

As to the second ground for relief, the Magistrate Judge addressed each ineffective assistance of counsel claim separately.  Petitioner first asserts ineffective assistance of counsel based upon the fact that he had the same counsel at trial and on appeal.  Petitioner raised this issue on appeal, and the appellate court found that Petitioner failed to show that he suffered prejudice as a result of this representation.  Upon review of that determination, the Magistrate Judge recommended that the Court find that decision is not contrary to or an unreasonable application of clearly established federal law.  Further, the Magistrate Judge recommended that the Court find that the decision was not an unreasonable determination of the facts in light of the evidence presented at the proceeding.  The Magistrate Judge stated, "[t]his is especially so in light of the fact that petitioner was able to file a Rule 26(B) motion to reopen his appeal and challenge the effectiveness of counsel."  (ECF # 10 at 28.)

Petitioner also asserts ineffective assistance of trial counsel based upon an alleged failure to object to the use of hearsay testimony.  As to this claim, the Magistrate Judge recommended "that the Court find that Petitioner has procedurally defaulted this ground for relief as it had been raised before and decided and otherwise meets the *Maupin* factors for procedural default."  (*Id.* at 28.)  The Magistrate Judge likewise stated that Petitioner presents no cause and prejudice or fundamental miscarriage of justice in order to warrant review despite the procedural default.  Moreover, to the extent that Petitioner's claim specifically relates to the use of a co-defendant's statement and is able to

3

be considered, the Magistrate Judge recommended that the Court find no ineffective assistance of counsel as to this claim.

In Petitioner's third claim relating to ineffective assistance of counsel, Petitioner alleges that trial counsel failed to object to the jury instructions, thereby failing to preserve the issue for appeal. As to this claim, the Magistrate Judge recommended that the Court find that Petitioner has failed to establish that the performance was deficient or that he suffered prejudice as a result. Hence, the Magistrate Judge recommended that the Court find this ground for relief to be without merit.

In his final ineffective assistance of counsel claim, Petitioner claims that his appellate counsel was ineffective because he improperly presented two assignments of error related to Petitioner's sentence. The Magistrate Judge found that, although the Court is able to consider the merits of this claim despite Respondent's argument that res judicata bars such consideration, the claim is without merit. According to the Magistrate Judge, "[A]ppellate counsel did not deficiently perform by raising these claims and Petitioner surely cannot show he was prejudiced by appellate counsel's raising of these claims." (*Id.* at 32.) As such, the Magistrate Judge recommended that the Court find no merit to Petitioner's ineffective assistance of appellate counsel claims in raising two assignments of error related to Petitioner's sentence.

With respect to the third[1] and fourth grounds for relief, the Magistrate Judge found that Petitioner failed to fairly present the issue on direct appeal in the state courts, and thus the grounds for

---

[1] The Magistrate Judge likewise noted that, even if the Court were to consider the substance of the third ground for relief, his recommendation is that "the Court find this ground for relief meritless because the Ohio appellate court's decision did not involve an unreasonable application of clearly established federal law or involve an unreasonable determination of the facts in light of the evidence presented at the state court proceeding." (ECF # 10 at 18.)

4

relief had been waived and procedurally defaulted.  The Magistrate Judge further found that Petitioner failed to show cause and prejudice or a fundamental miscarriage of justice in order have his claims reviewed despite the waiver.  Based upon these determinations, the Magistrate Judge recommended that the Court dismiss the Petition in its entirety with prejudice.

On March 22, 2007, Petitioner filed objections to the Report and Recommendation.  (ECF # 11.)  In responding to the Report and Recommendation, Petitioner objects to every finding and recommendation made by the Magistrate Judge, with the exception of ground four of his Petition.  As to the latter, Petitioner concedes that it suffers from "procedural problems."  (*Id.* at 1.)  Respondent filed a Response to Petitioner's Objections on April 16, 2007.  (ECF # 12.)

The Court has reviewed the Report and Recommendation *de novo.  See Thomas v. Arn*, 474 U.S. 140 (1985).  Moreover, it has considered all of the pleadings, motions, and filings of the parties. Despite Petitioner's assertions to the contrary, the Court finds Magistrate Judge Limbert's Report and Recommendation to be well-written, well-supported, and correct.   In addition, the Court finds Petitioner's objections to the same to be entirely lacking in merit. Therefore, the Report and Recommendation (ECF # 10) is ADOPTED in its entirety, the Petition for Writ of Habeas Corpus is DENIED (ECF # 1), and Petitioner's objections (ECF # 11) are thereby DENIED.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

                 *s/ Donald C. Nugent*
                 DONALD C. NUGENT
                 United States District Judge

DATED: April 24, 2007